# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JEFF GANN,**

    **Plaintiff,**

v.                                                      **Case No: 5:15-cv-582-Oc-PRL**

**CORRECT CONNECTION, LLC, and**
**JO ANN HEMELRICK,**

    **Defendants.**

## ORDER

In this Fair Labor Standards Act (FLSA) case, the parties previously consented to the exercise of jurisdiction by a United States Magistrate Judge. Accordingly, the case was reassigned to me. (Doc. 22). The parties have now filed a Joint Motion for Settlement Approval (Doc. 25). Thus, it must be determined whether the settlement between Plaintiff and Defendants is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
> *Id.*

As set forth in the motion and Settlement Agreement (Doc. 25-1), the settlement provides that Defendants will pay Plaintiff $3,000.00 to settle Plaintiff's claim for unpaid wages. Defendants will also pay Plaintiff's counsel $2,000.00 in full settlement of attorney's fees and costs.  As explained by the parties' motion (Doc. 25), the settlement of the attorney's fees and costs was agreed to separately without regard to the amount paid to Plaintiff.   The parties represent that the settlement represents a reasonable compromise based upon bona fide disputes concerning the validity of Plaintiff's claim and uncertainties of further litigation.  In particular, the parties recite that Plaintiff compromised his original position regarding the amount he was owed after receiving additional records and having additional discussions with Defendants.   The parties state that "Plaintiff opines that $3,000 fairly compensates him for his damages."   Under these circumstances, the undersigned finds the settlement to be reasonable, especially considering the vagaries of litigation.

As for the amount of attorney's fees and costs, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of

- 3 -

the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

As noted above, the parties represent that the attorney's fees and costs were negotiated separately from Plaintiff's recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, the Court also finds the agreed upon attorneys' fees and costs ($2,000.00) to be reasonable.

Upon due consideration, the parties' motion (Doc. 25) is **GRANTED**, and the settlement is accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on April 25, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties